IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clarence J. Harvey,<br><br>      Plaintiff,<br><br>v.<br><br>Willie Eagleton, Warden; Robin Chavis, Warden; Argie Graves, Grievance Coordinator; and Jason Williamson, Sgt.,<br><br>      Defendants. | Civil Action No.2:10-03274-RMG-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

  The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendants' Motion for Summary Judgment. (Dkt. No. 20.)

  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

  The plaintiff brought this action on or about December 29, 2010. On March 29, 2011, Defendants filed a Motion for Summary Judgment. By order filed March 30, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On or about June 3, 2011, the plaintiff filed a response opposing Defendants' Motion for Summary Judgment. (Dkt. No. 28.)[1]

---

[1] Though Plaintiff filed a Response in Opposition, he attached no materials to that response and instead generally restated the summary judgment standard. (See Dkt. No. 28.) The evidence before the undersigned is therefore limited to the evidence filed by Defendants and Plaintiff's Verified Complaint. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991) ("[A] *verified* complaint is the equivalent of an opposing affidavit for summary judgment purposes, when the allegations contained therein are based on personal knowledge.").

**PROCEDURAL FACTS**

Plaintiff, who is currently housed at Evans Correctional Institution ("ECI"), alleges claims pursuant to 42 U.S.C. § 1983. Plaintiff alleges that on January 27, 2010, he was "deliberately and intentionally placed in another inmate cell to be physically assaulted." (Verified Compl. at 3.) According to Plaintiff, Defendant Williamson placed Plaintiff in cell 131, even though Williamson knew Plaintiff lived in cell 132 and Plaintiff "repeatedly told" Williamson that he did not live in cell 131. (Id.) Plaintiff asserts that Williamson "got on the radio and called SMU control room officer Ms. McCoy," who "verified that [Plaintiff] d[id] not live in cell #131." (Id.) Plaintiff further states, "The inmate in cell #131 [a]ssaulted me while I was still in restraints[.] Sgt. J. Williamson allowed me to be assaulted, placing me in the wrong cell. He knew that." (Id.) Plaintiff alleges that he filed a grievance with Warden Eagleton and wrote a request to Warden Chavis, and that neither took any action. (Id.) Plaintiff contends that as a result of this incident, he has suffered "with cuts, bruises[, and] constant headaches" and that he is still "emotionally traumatize[d]" and "distress[ed]." (Id.) Plaintiff alleges that this "breach of security" is still occurring "[b]y officers placing other inmates in the wrong cell to be physically assaulted." (Id.) Plaintiff seeks a recovery of damages for his "pain[,] . . . suffering[, and] emotional distress." (Id. at 5.)

**APPLICABLE LAW**

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597

F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## DISCUSSION

As noted above, Defendants moved for summary judgment on March 29, 2011; in that motion, Defendants contend they are entitled to judgment in their favor for several reasons. (Dkt. No. 20-1.) Defendants "contend that the Plaintiff was momentarily, by accident, placed in the wrong cell," which was "immediately recognized and the Plaintiff returned to the proper cell." (Mem. in Supp. at 1.) Defendants contend that "[n]o altercation of any kind took place and the Plaintiff was not injured. He was examined by medical and no injuries were found." (Id.) According to Defendants, investigation of the incident "revealed that the Plaintiff asked the occupant of the cell to knock him out and the other inmate refused. [Plaintiff] then laid down on the floor and told officers he'd been assaulted." (Id. at 1-2.)

**Defendants Eagleton, Chavis, and Graves**

In their Motion for Summary Judgment, Defendants Eagleton, Chavis, and Graves point out that Plaintiff "makes no specific allegations" against them. (Mem. in Supp. at 4.) Defendants Eagleton, Chavis, and Graves state, "[Plaintiff] apparently contends they are liable for not responding to his grievance in the manner he wished." (Id.) These Defendants assert they are entitled to summary judgment because "[t]he doctrines of vicarious liability and respondeat superior are not applicable in § 1983 actions." (Id.)

The doctrines of vicarious liability and respondeat superior are generally not applicable in § 1983 actions. Vinnedge v. Gibbs, 550 F.2d 926, 927-99 (4th Cir. 1977); see

3

also Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 691 (1978) (holding "that a municipality cannot be held liable *solely* because it employs a tortfeasor–or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory"). However, "supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates." Slakan v. Porter, 737 F.2d 368, 372 (4th Cir. 1984). In such a case, liability "is not premised on *respondeat superior*, but on a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care." Id. (citations omitted). A plaintiff in a supervisory liability case "assumes a heavy burden of proof," as the plaintiff "not only must demonstrate that the prisoners face a pervasive and unreasonable risk of harm from some specified source, but he must show that the supervisor's corrective inaction amounts to deliberate indifference or tacit authorization of the offensive practices." Id. at 373 (internal quotation marks and citations omitted). Generally speaking, a plaintiff cannot satisfy this heavy burden of proof "by pointing to a single incident or isolated incidents," but "[a] supervisor's continued inaction in the face of documented widespread abuses . . . provides an independent basis for finding he either was deliberately indifferent or acquiesced in the constitutionally offensive conduct of his subordinates." Id. (citations omitted).

The undersigned agrees that Defendants Eagleton, Chavis, and Graves are entitled to summary judgment. The **only** mention of Defendant Graves in the "Statement of Claim" section of the Verified Complaint is the following (wherein he also mentions Defendants Eagleton and Chavis):

> The Warden: Willie Eagleton; Argie Graves [a]s well as Warden: Robin Chavis failed to take immediately corrective action when Plaintiff brought this matter to them. Plaintiff was denied Due Process, remedy through the grievance process.

4

(Verified Compl. at 4.) Plaintiff does complain that he "filed a grievance to the Warden Willie Eagleton," who "didn't do anything," and "wrote a request to Warden Chavis[;] she didn't do anything." (Id. at 3.)

Defendant Graves is the Grievance Coordinator for Evans Correctional Institution. (Graves Aff. at 1; Dkt. No. 20-5.) Plaintiff's only allegation against Graves is that Defendant Graves "failed to take immediate[] corrective action" upon Plaintiff's grievance. (Verified Compl. at 4.) The undersigned concludes that Plaintiff's allegation against Defendant Graves does not amount to a violation of Plaintiff's constitutional rights and is insufficient to withstand Defendants' Motion for Summary Judgment.

Defendant Graves stated in his Affidavit that "[u]pon receipt of the inmate grievance ECI-0710-10 alleging that an inmate was placed in the wrong cell, this matter was investigated and forwarded to the Warden for his decision." (Graves Aff. at 1; Dkt. No. 20-5.) Defendant Graves further stated,

> The investigation revealed that inmate Harvey was accidentally placed in the wrong cell. This was immediately recognized by Officer McCoy and Inmate Harvey was placed in the appropriate cell. He was not assaulted by the inmate in the initial cell. Inmate Harvey was seen by medical and no injuries were reported.
>
> Inmate Harvey was in the wrong cell for a matter of minutes at the most, before being returned to the proper cell. As there were no allegations of an altercation between an Officer and a[n] inmate, the Department of Investigations was not involved. Likewise, there was no altercation between inmates so no disciplinary citations were issued. Any action taken against Sergeant Williams regarding this incident is privileged and personnel matters are never disclosed to an inmate.

(Id.)

While Plaintiff complains that Defendant Graves "failed to take immediate[] corrective action," it is unclear exactly what Plaintiff contends that alleged "corrective action" should have been. The undisputed evidence reveals that Defendant Graves *did* forward Plaintiff's

5

grievance to the Warden for the Warden's decision. (See Graves Aff. at 1.) Moreover, Plaintiff's own Verified Complaint indicates that Plaintiff filed the grievance on January 28, 2010, and received the final determination concerning this grievance on February 9, 2010. (Verified Compl. at 2.) While Plaintiff complains about the lack of immediate action, Defendants presented evidence–which Plaintiff did not dispute–that Plaintiff was in the wrong cell "for a matter of minutes at most" before being returned to the proper cell. (Graves Aff. at 1; Dkt. No. 20-5.) Plaintiff's allegations that Graves failed to take immediate action upon Plaintiff's grievance do not amount to a violation of Plaintiff's constitutional rights, even if Graves somehow violated grievance procedures. See Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]here is no constitutional right to participate in grievance proceedings."); Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C. 1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); see also Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("If state law grants more procedural rights than the Constitution would otherwise require, a state's failure to abide by that law is not a federal due process issue."). For the same reasons, to the extent Plaintiff complains about Defendants Eagleton and Chavis' response to Plaintiff's grievance, that claim also fails.

To the extent Plaintiff seeks to hold Defendants Eagleton, Chavis, and Graves responsible for the alleged attack upon Plaintiff, Plaintiff's claim fails. It is undisputed that these Defendants were not present when the incident occurred, and in a § 1983 action, "liability is personal, based upon each defendant's own constitutional violations." Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). With respect to Defendant Graves, no evidence suggests he has supervisory authority over any other named defendants–he is a grievance coordinator, not a warden–so any theory of supervisory liability against Graves fails. See Randall v. Prince George's County, Md., 302 F.3d 188, 206 (4th Cir. 2002) (noting that

supervisory liability "may attach under § 1983 if a plaintiff can establish" the following: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff").

The undersigned further concludes that Defendants Eagleton and Chavis cannot be held liable for the alleged attack upon Plaintiff because there is no evidence that either of these Defendants had actual or constructive knowledge that their subordinate (Defendant Williamson) "was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury" to Plaintiff. Randall, 302 F.3d at 206. While there is a dispute over whether Defendant Williamson's placement of Plaintiff in the wrong cell was intentional or not, Defendant Eagleton states in his Affidavit that "[t]o [his] knowledge[,] this [is] an isolated incident and is not a regular course of action by officers." (Eagleton Aff.; Dkt. No. 20-4.) There is no evidence that Eagleton or Chavis knew about the incorrect placement before it had been corrected, and there is no evidence that the incorrect placement is a regular course of action. Plaintiff therefore cannot establish these two Defendants had actual or constructive knowledge that their subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to Plaintiff. Nor is there any evidence that the response of Eagleton or Chavis was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices. See Randall, 302 F.3d at 206. Eagleton's Affidavit indicates that Williamson's placement of Plaintiff in the wrong cell was "dealt with internally," and there is no dispute that the incorrect placement was promptly noted and corrected by Officer McCoy. (See Eagleton Aff.; Dkt. No. 20-4; see

7

also Verified Compl.) The undersigned thus recommends granting summary judgment to Defendants Eagleton, Chavis, and Graves.

**Defendant Williamson**

The analysis with respect to Defendant Williamson is less straightforward, as evidentiary issues exist for both Plaintiff and Defendant Williamson. Defendants did not attach an affidavit of Defendant Williamson to their Motion for Summary Judgment. (See Dkt. No. 20.) While Defendants did attach an Incident Report, the incident report is signed by an unidentified individual, is not under oath, and contains no certification. (See Dkt. No. 20-2.) See FED. R. EVID. 803(6); see also FED. R. EVID. 902(6); Md. Highways Contractors Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1251-52 (4th Cir. 1991) ("[H]earsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment."). Defendants also presented Plaintiff's medical records, but there is no accompanying affidavit or indeed any affidavit or declaration from any medical personnel. (See Dkt. No. 20-3.) The undersigned is therefore left to consider the following in evaluating the Motion for Summary Judgment: Plaintiff's Verified Complaint, Eagleton's Affidavit, and Graves' Affidavit.

It is undisputed that–at least for some time–Plaintiff was placed in the incorrect cell. As noted above, there is a dispute over whether that placement was intentional or was a mistake: Plaintiff presented evidence that Williamson placed Plaintiff in the wrong cell to be assaulted, and Defendants contend Williamson simply made a mistake. It is unclear from the record how Plaintiff would have personal knowledge of Williamson's alleged intentions, but the same holds true for the evidence presented by Defendants. There is also a dispute over the extent of injuries, if any: Plaintiff presented evidence that he suffered cuts, bruises, emotional trauma, and still suffers "constant headaches"; Defendants contend no fight took place at all.

In short, Plaintiff presented evidence that Defendant Williamson placed Plaintiff into the wrong cell with the intention that Plaintiff would be assaulted by the inmate in that cell, that Plaintiff was assaulted by the other inmate, and that Plaintiff suffered injuries as a result of the attack. While additional evidence may reveal that there is no genuine issue of material fact, Defendant Williamson–at this time–has not met his burden of showing that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 308 (4th Cir. 2004) (discussing Odom v. S.C. Dep't of Corrs., 349 F.3d 765 (4th Cir. 2003), and stating, "In light of this direct evidence that the officers actually welcomed the harm that befell Odom and subjectively realized that the precautions they had taken were inadequate, the panel majority concluded that the evidence, in the absence of any rebuttal from the defendants, sufficiently supported a claim of deliberate indifference and thus justified reversing the district court's grant of summary judgment for the defendants and remanding the matter for further proceedings.").[2] The undersigned therefore recommends denying the motion as to Defendant Williamson without prejudice.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the Defendants' Motion for Summary Judgment (Dkt. No. 20) be GRANTED IN PART and DENIED IN PART. Specifically, it is

---

[2] Defendant Williamson moved for summary judgment on several grounds; he argued, *inter alia*, that he is entitled to qualified immunity and Eleventh Amendment immunity. Given the present factual dispute, it is not possible for the undersigned to determine whether or not Williamson is entitled to qualified immunity. Moreover, Eleventh Amendment immunity does not apply to all of Plaintiff's claims against Williamson. See Lizzi v. Alexander, 255 F.3d 128, 137 (4th Cir. 2001) (overruled in part on other grounds by Nevada Dep't. of Human Resources v. Hibbs, 538 U.S. 721 (2003)) (noting that in Hafer v. Melo, 502 U.S. 21, 23 (1991), the Supreme Court "held that 42 U.S.C. § 1983 permits individual capacity suits against state officers for damages arising from official acts"); see also Hafer, 502 U.S. at 31 ("We hold that state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts.").

recommended that the motion be granted as to Defendants Willie Eagleton, Robin Chavis, and Argie Graves, and that the motion be denied without prejudice as to Defendant Williamson.

     IT IS SO RECOMMENDED.

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

November 1, 2011
Charleston, South Carolina

    **The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).