IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Clarence J. Harvey,<br><br>                 Plaintiff,<br><br>v.<br><br>Willie Eagleton, Warden; Robin Chavis, Warden; Argie Graves, Grievance Coordinator; and Jason Williamson, Sgt.,<br><br>                 Defendants. | Civil Action No.2:10-03274-RMG-BHH<br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

      The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction (Dkt. No. 49).

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

      The plaintiff brought this action on or about December 29, 2010. On March 29, 2011, Defendants filed a Motion for Summary Judgment. (Dkt. No. 20). On December 12, 2011, the Honorable Richard Gergel entered an Order granting in part and denying in part the Motion for Summary Judgment. (Dkt. No. 38; see also Dkt. No. 20.) Specifically, the motion was granted with respect to Defendants Eagleton, Chavis, and Graves; the motion was denied without prejudice as to Defendant Williamson. (Dkt. No. 38.)

      Plaintiff filed a Motion for Preliminary Injunction on or about February 5, 2012. (See Dkt. No. 49.) Defendants filed a Response in Opposition to this motion on February 24, 2012. (Dkt. No. 53.)

It is not entirely clear what relief Plaintiff is seeking in his Motion for Preliminary Injunction. (See Dkt. No. 49.) Plaintiff states that "[t]he prison officials at Evans Correctional are retaliating against me by interfering with my rights under access to courts." (Dkt. No. 49 at 2 of 3.) The "grounds" for injunctive relief contain a whole host of grievances against various SCDC officials, many of whom are not even defendants in the instant action. These "grounds" include the following (verbatim):

> 2. Security Management Unit Lieutenant Martin and the prison official are exceedingly conducting constant arbitrary and oppressive cell search maliciously unannounced, motivated searches instituted not for security needs but for harassment, my cell was searched 6 times in 10 days during the month of December.
>
> 3. Sgt. Hayes and Sgt. Sims dorm Sgts at the Security Management Unit along with Lt. Martin has made several direct threats to use riot chemical munition to spray into my cell when I ask to speak to prison yard supervisor.
>
> . . .
>
> 6. Due to the circumstance of the mirrored condition I'm depressed and stressed out and I'm not receiving the proper medication to alleviate this burden and not enough counseling. I'm alone in my cell and afraid to the point I can't sleep paranoid these officials might murder me in my cell.

(Dkt. No. 49 at 2-3 of 3.) Plaintiff complains that Warden Eagleton is "denying [him] large legal brown manilla envelopes to prepare legal documents in proper form for the court" and that Eagleton and Graves are "not filing and processing the grievances according to SCDC policy." (Id. at 2.) He states that he has been prescribed a dietary meal for his high blood pressure, but that the meals "are malnutritious, and not in compliance with [his] improvised diet." (Id. at 3.) He also complains that he is denied proper cleaning supplies in the SMU, which has resulted in two "rashes on [his] buttock[s] and genitals from the unclean and unsanitized toilet." (Id.) Plaintiff states, "Without the Court I'm likely to suffer irreparable harm, which I'm likely to succeed at trial." (Id.)

2

As noted above, it is not entirely clear what relief Plaintiff is seeking in this motion. He does state that he "request[s] the Court to . . . order[] a permanent restraining order from Evans Correction[al] Institution." (Id.) Plaintiff also requests to be transferred to another institution within the South Carolina Department of Corrections. (Id.)

Traditionally, a preliminary injunction "protect[s] the status quo . . . to prevent irreparable harm during the pendency of a lawsuit ultimately to preserve the court's ability to render a meaningful judgment on the merits." In re Microsoft Corp. Antitrust Litigation, 333 F.3d 517, 525 (4th Cir. 2003) (abrogated on other grounds by eBay, Inc. v. MercExchange, L.L.C., 547 U.S. 388 (2006)). In contrast, mandatory preliminary injunctions "generally do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demand such relief." Id. at 526 (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)). "[A] mandatory preliminary injunction must be necessary both to protect against irreparable harm in a deteriorating circumstance created by the defendant and to preserve the court's ability to enter ultimate relief on the merits of the same kind." Id. A preliminary injunction is "an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). To obtain a temporary restraining order ("TRO") or preliminary injunction, a plaintiff must show:

(1) that he is likely to succeed on the merits,

(2) that he is likely to suffer irreparable harm in the absence of preliminary relief,

(3) that the balance of equities tips in his favor, and

(4) that an injunction is in the public interest.

Id. at 20.

The undersigned recommends denying Plaintiff's Motion for Preliminary Injunction (Dkt. No. 49). Although Plaintiff states that he is "likely to succeed at trial" and "likely to

3

suffer irreparable harm" without the preliminary injunction, the undersigned disagrees. (See Dkt. No. 49 at 3.) Plaintiff has not shown that he is likely to succeed on the merits or that he is likely to suffer irreparable harm without preliminary relief. The instant case concerns Plaintiff's claim that on January 27, 2010, he was "deliberately and intentionally placed in another inmate cell to be physically assaulted." (Verified Compl. at 3.) Nothing in Plaintiff's Motion for Preliminary Injunction pertains to the alleged assault. Instead, Plaintiff's motion is–as Defendants state–a "list of grievances regarding his conditions of confinement." (Dkt. No. 53 at 1.) At the instant point in the case *sub judice*, the only remaining defendant is Defendant Sgt. Jason Williamson. (See Dkt. No. 38; Dkt. No. 44.) Although Plaintiff complains of, *inter alia*, Lieutenant Martin, Sergeant Sims, Ms. Hooks, and others, these individuals are not part of the instant lawsuit. Plaintiff therefore fails to satisfy the first two Winter factors.

Plaintiff also fails to show that the balance of equities tips in his favor or that an injunction is in the public interest. In fact, Plaintiff fails to mention these factors at all.

Plaintiff's motion has nothing to do with his Complaint, and he has failed to show that he is entitled to relief pursuant to the factors set forth in Winter. (See Dkt. No. 1.) The undersigned therefore recommends denying the Motion for Preliminary Injunction (Dkt. No. 49.) See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. . . . Although these new assertions might support additional claims against the same prison officials, they cannot provide the basis for a preliminary injunction in this lawsuit.").

## **CONCLUSION**

Wherefore, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 49) be DENIED.

IT IS SO RECOMMENDED.

                                        s/Bruce Howe Hendricks
                                        United States Magistrate Judge

June 20, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).