IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| Clarence J. Harvey, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | Civil Action No.2:10-03274-RMG-BHH |
| v. | ) ) ) | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| Willie Eagleton, Warden; Robin Chavis, Warden; Argie Graves, Grievance Coordinator; and Jason Williamson, Sgt., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

The plaintiff, a state prisoner proceeding pro se, brought this action pursuant to Title 42, United States Code, Section 1983. This matter is before the Court upon Defendant Jason Williamson's Motion for Summary Judgment. (Dkt. No. 58.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1) and Local Rule 73.02(B)(2)(e), D.S.C., all pretrial matters in cases involving *pro se* litigants are referred to a United States Magistrate for consideration.

The plaintiff brought this action on or about December 29, 2010. On March 29, 2011, all Defendants filed a Motion for Summary Judgment. (Dkt. No. 20.) In an Order dated December 12, 2011, the Honorable Richard Gergel granted summary judgment to Defendants Eagleton, Chavis, and Graves. (See Dkt. No. 38.) However, for the reasons set forth in the undersigned's Report and Recommendation dated November 1, 2011 (Dkt. No. 32), Judge Gergel denied the motion without prejudice as to Defendant Williamson. (Dkt. No. 38.)

On February 23, 2012, the undersigned issued the following text order:

TEXT ORDER re 38 Order denying Williamson's motion for summary judgment. On December 12, 2011, Defendant Williamson's motion for summary judgment was denied without prejudice. (Dkt. No. 38.) Now, therefore, IT IS ORDERED that the Defendant Williamson shall have until

> March 14, 2012, to file a dispositive motion. The Clerk is hereby directed to place this case on the trial calendar if no dispositive motion is filed by 3/14/2012.

(Dkt. No. 50.) On March 9, 2012, Defendant Williamson filed the at-issue Motion for Summary Judgment. (Dkt. No. 58.) By order filed March 13, 2012, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. Plaintiff responded to Defendant Williamson's motion. (See Dkt. No. 67; Dkt. No. 72.)

## **PROCEDURAL FACTS**

Plaintiff, who is currently housed at Perry Correctional Institution, brings the instant action pursuant to 42 U.S.C. § 1983 for events that allegedly occurred while Plaintiff was incarcerated at Evans Correctional Institution ("ECI"). Plaintiff alleges in his Verified Complaint that on January 27, 2010, while at ECI, he was "deliberately and intentionally placed in another inmate cell to be physically assaulted." (Verified Compl. at 3.) According to Plaintiff, Defendant Williamson placed Plaintiff in cell 131, even though Williamson knew Plaintiff lived in cell 132 and Plaintiff "repeatedly told" Williamson that he did not live in cell 131. (Id.) Plaintiff asserts that Williamson "got on the radio and called SMU control room officer Ms. McCoy," who "verified that [Plaintiff] d[id] not live in cell #131." (Id.) Plaintiff further states, "The inmate in cell #131 [a]ssaulted me while I was still in restraints[.] Sgt. J. Williamson allowed me to be assaulted, placing me in the wrong cell. He knew that." (Id.) Plaintiff contends that as a result of this incident, he has suffered "with cuts, bruises[, and] constant headaches" and that he is still "emotionally traumatize[d]" and "distress[ed]." (Id.) Plaintiff seeks a recovery of damages for his "pain[,] . . . suffering[, and] emotional distress." (Id. at 5.)

2

**APPLICABLE LAW**

**Summary Judgment Motion Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As noted above, the undersigned previously issued a Report and Recommendation in this case on November 1, 2011. (See Dkt. No. 32.) In that R&R, the undersigned recommended denying Defendant Williamson's previously filed motion for summary judgment for various reasons, including (a) the incident report was "signed by an unidentified individual, [was] not under oath, and contain[ed] no certification," and (b) no affidavit accompanied Plaintiff's medical records. (Dkt. No. 32 at 8 of 11.) Considering Plaintiff's Verified Complaint, Defendant Eagleton's Affidavit, and Defendant Graves' Affidavit, the undersigned addressed Williamson's motion as follows:

> It is undisputed that–at least for some time–Plaintiff was placed in the incorrect cell. As noted above, there is a dispute over whether that placement was intentional or was a mistake: Plaintiff presented evidence that Williamson placed Plaintiff in the wrong cell to be assaulted, and Defendants contend Williamson simply made a mistake. It is unclear from the record how Plaintiff

3

> would have personal knowledge of Williamson's alleged intentions, but the same holds true for the evidence presented by Defendants. There is also a dispute over the extent of injuries, if any: Plaintiff presented evidence that he suffered cuts, bruises, emotional trauma, and still suffers "constant headaches"; Defendants contend no fight took place at all.
>
> In short, Plaintiff presented evidence that Defendant Williamson placed Plaintiff into the wrong cell with the intention that Plaintiff would be assaulted by the inmate in that cell, that Plaintiff was assaulted by the other inmate, and that Plaintiff suffered injuries as a result of the attack. While additional evidence may reveal that there is no genuine issue of material fact, Defendant Williamson–at this time–has not met his burden of showing that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); see also Parrish ex rel. Lee v. Cleveland, 372 F.3d 294, 308 (4th Cir. 2004) (discussing Odom v. S.C. Dep't of Corrs., 349 F.3d 765 (4th Cir. 2003), and stating, "In light of this direct evidence that the officers actually welcomed the harm that befell Odom and subjectively realized that the precautions they had taken were inadequate, the panel majority concluded that the evidence, in the absence of any rebuttal from the defendants, sufficiently supported a claim of deliberate indifference and thus justified reversing the district court's grant of summary judgment for the defendants and remanding the matter for further proceedings."). The undersigned therefore recommends denying the motion as to Defendant Williamson without prejudice.

(Dkt. No. 32.) Judge Gergel adopted this R&R and denied Williamson's motion without prejudice. (Dkt. No. 38.)

In the newly filed Motion for Summary Judgment (Dkt. No. 58), Williamson makes the same arguments made in the original motion. This time, however, several additional exhibits are attached to the Motion for Summary Judgment. Williamson presented the Affidavit of Captain D. Stonebreaker, author of the incident report dated February 1, 2010. (See Dkt. No. 58-3.) Williamson also filed the Affidavit of Dr. Paul Drago, a licensed physician employed by the South Carolina Department of Corrections. (See Dkt. No. 58-6.)

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994). However, "[n]ot every injury suffered by a prisoner at the hands of another establishes

4

liability against a prison official . . . ." Brown v. N.C. Dep't of Corrs., 612 F.3d 720, 723 (4th Cir. 2010). As the Fourth Circuit stated in Brown,

> To make a valid claim under the Eighth Amendment, a prisoner must satisfy two elements. First, "the deprivation alleged must be sufficiently serious." Odom v. S.C. Dep't of Corr., 349 F.3d 765, 770 (4th Cir. 2003). "To demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions." Id. . . .
> Second, a prisoner must demonstrate that the prison official had a "sufficiently culpable state of mind." Id. (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). When an inmate makes a challenge under the Eighth Amendment, "the requisite state of mind is one of deliberate indifference to inmate health or safety." Id. A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Id. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet fail to do so." Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002).

Brown, 612 F.3d at 723.

In light of the undisputed evidence now in the record, the undersigned recommends granting summary judgment to Defendant Williamson. As noted above, it is undisputed that Plaintiff was momentarily placed in the incorrect cell. Defendant Williamson presents evidence that Plaintiff's placement in the wrong cell "was accidental and was momentary." (Stonebreaker Aff. ¶ 5.) Williamson also presented evidence that "[i]mmediately upon learning of his mistake, [] Williamson corrected it and removed Plaintiff from the wrong cell." (Id.) Plaintiff does not present evidence that Williamson left him in the wrong cell for an extended period of time, and Plaintiff's only evidence of a "sufficiently culpable state of mind" is Plaintiff's conclusory allegation that Williamson "deliberately and intentionally" placed Plaintiff "in another inmate['s] cell to be physically assaulted." (Verified Compl. at 3.) In sum, Plaintiff contends that because he presented evidence that Williamson placed Plaintiff in cell 131–even when Williamson knew Plaintiff lived in cell 132–Williamson is liable to Plaintiff pursuant to 42 U.S.C. § 1983. (See id.) The undersigned disagrees with Plaintiff.

5

Negligent failure by a prison official to protect an inmate from an attack by another inmate does not rise to the level of a violation of the Eighth Amendment. See Pressly v. Hutto, 816 F.2d 977, 979 (4th Cir. 1987) (citing Davidson v. Cannon, 474 U.S. 344 (1986)). Williamson's momentary placement of Plaintiff in the wrong cell did not violate Plaintiff's constitutional rights, as there is no evidence in the record that Williamson knew of any specific risk of harm to Plaintiff by placing Plaintiff in cell 131. See Drayton v. Cohen, C/A No. 2:10-3171-TMC, 2012 WL 666839, at *7 (D.S.C. Feb. 29, 2012), *aff'd* 474 Fed. App'x 991 (4th Cir. 2012) (summary judgment to defendants on a failure to protect claim, stating, "[H]ere, there is no evidence that McIlwain presently posed a serious risk of violence to Plaintiff. As Plaintiff complained to Defendants, when he did confront McIlwain about his behavior, McIlwain either ignored Plaintiff or became *verbally* hostile. Plaintiff never complained to Defendants that McIlwain had assaulted him or even physically threatened him prior to the assault."); Carter v. Galloway, 352 F.3d 1346, 1349-50 (11th Cir. 2003) (affirming award of summary judgment to defendants where defendants "clearly knew that Inmate Barnes was a 'problem inmate' with a well-documented history of prison disobedience and had been prone to violence" but the plaintiff "failed to establish that either Defendant had a subjective awareness of a substantial risk of serious physical threat to Plaintiff"); Gibson v. Laurens County Det. Ctr., No. 2:10-cv-02132-RBH, 2011 WL 3903175, at *2-3 (D.S.C. Sept. 6, 2011) (summary judgment to defendants on a failure to protect claim where the plaintiff's "conclusory allegations [were] insufficient to withstand the [d]efendants' properly supported motion for summary judgment"). Because Plaintiff fails to establish

Defendant Williamson acted with deliberate indifference, the undersigned recommends granting Williamson's Motion for Summary Judgment. (Dkt. No. 58).[1]

**CONCLUSION**

Wherefore, it is RECOMMENDED that Defendant Williamson's Motion for Summary Judgment (Dkt. No. 58) be GRANTED, and that this case be closed.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

October 18, 2012
Charleston, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

---

[1] In addition, the undersigned notes that–even assuming the inmate in cell 131 assaulted Plaintiff–there was no evidence that Plaintiff suffered serious injury. The medical records reveal that Plaintiff saw medical on January 27, 2010, alleging that another inmate hit Plaintiff in his jaw and that Plaintiff hit his head on the bed. (See Dkt. No. 58-5.) The record states, in relevant part,
> No redness or swelling noted to r mandible. No redness or swelling noted.
> Small abrasion noted to r middle finger. No redness or swelling noted to neck.
> No decrease in rom noted.

(Id.) Defendants also presented the Affidavit of Dr. Drago, a physician employed by the South Carolina Department of Corrections. (See Dkt. No. 58-6.) Dr. Drago states, *inter alia*,
> 3. I had occasion to examine the Plaintiff on March 1, 2012. A copy of that examination is attached. Plaintiff denied being hurt in any way, experiencing headaches, maintained his extremities were healthy, denied having nightmares, denied stress or having any scars that were causing him problems.
> 4. After a thorough review of the medical evidence, and examination of the Plaintiff I can state with a reasonable degree of medical certainty that I see no evidence of constant headaches, emotional trauma or distress nor any physical evidence of any assault occurring on January 27, 2010.

(Drago Aff. ¶¶ 3-4.) In disputing Williamson's contention that no injury occurred, Plaintiff points to the medical record that indicates a "small abrasion" noted to his right middle finger. (See Dkt. No. 72 at 1 of 4.) Such a "small abrasion" does not constitute a "serious or significant physical or emotional injury." See Brown, 612 F.3d at 723.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).