IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC, CLERK, CHARLESTON, SC
2012 NOV 20  A 8: 45

| | |
|---|---|
| Clarence J. Harvey, | Civil Action No.: 2:10-3274-RMG |
| Plaintiff, | |
| vs. | **ORDER** |
| Willie Eagleton, Warden; Robin Chavis, Warden; Argie Graves, Grievance Coordinator; and Jason Williamson, Sgt., | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Bruce Hendricks that Defendant Jason Williamson's motion for summary judgment (Dkt. No. 58) be granted and this case be closed. For the reasons set forth below, the Court agrees with and wholly adopts the Magistrate's Report and Recommendation. (Dkt. No. 80)

**Background**

Plaintiff, proceeding pro se and in forma pauperis, brought this action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. As a result, this case was automatically referred to United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. On March 9, 2012, Defendant Jason Williamson ("Defendant") filed a motion for summary judgment. (Dkt. No. 58). On March 13, 2012, the Magistrate Judge issued a *Roseboro* order directing Plaintiff to respond to Defendant's motion within 34 days and instructing Plaintiff that the Court may grant Defendant's motion if Plaintiff did not respond adequately by the deadline. (Dkt. No. 59). Plaintiff responded to Defendant Williamson's motion. (Dkt. Nos. 67, 72).

On October 18, 2012, the Magistrate Judge issued a Report and Recommendation ("R&R") (Dkt. No. 80) recommending this Court grant Defendant's motion for summary judgment and close this case. (Dkt. No. 80 at 7). The Magistrate Judge advised Plaintiff of the procedures and requirement for filing objections to the R&R and the serious consequences of failing to do so. Petitioner has not filed an objection to the R&R. Upon reviewing the record, this Court agrees with, and wholly adopts, the findings and recommendations of the Magistrate Judge.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* Where, as in this case, the Plaintiff fails to file any specific objections, the Magistrate Judge's conclusions are reviewed only for clear error, *see Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and this Court is not required to give any explanation for adopting the recommendation of the Magistrate Judge, *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court agrees with and adopts the R&R of the Magistrate granting Defendant's motion for summary judgment. The Court agrees that the undisputed evidence in the record shows that Defendant Williamson is entitled to judgment as a matter of law because Plaintiff has failed to establish that Defendant Williamson acted with deliberate indifference.

## Conclusion

The Court, after a thorough review of the R&R of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's R&R as the order of this Court. Defendant's motion for summary judgment (Dkt. No. 58) is **GRANTED** and this case is therefore closed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 19, 2012
Charleston, South Carolina